UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | | |
|---|---|---|
| Michael French | : | |
| 2112 S. Bent Lane | : | |
| Aston, PA 19014 | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 11-1009 |
| v. | : | |
| | : | |
| Trooper J.T. Squire-Tibbs (Badge # 6760) | : | |
| Individ. & in his official capacity as a | : | |
| Trooper in the New Jersey State Police | : | |
| Bordentown Station | : | |
| Route 130 | : | **JURY TRIAL DEMANDED** |
| Bordentown, NJ 08505 | : | |
| | : | |
| And | : | |
| | : | |
| John Does 1-10 | : | |
| | : | |
| Defendants. | : | |

**FIRST AMENDED CIVIL ACTION COMPLAINT**

**I.     Preliminary Statement**

1.      This is an action for an award of attorney's fees and costs, compensatory, statutory, and punitive damages, also seeking equitable, injunctive and other relief, for Defendants' Civil Rights violations arising from excessive force while Plaintiff was in the custody of the New Jersey State Police.

2.      Individually, jointly or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are averred upon information and belief, or will become known in discovery or at trial.

3.      Plaintiff reserves the right to rely on the "Discovery Rule" and the Doctrine(s) of Equitable Tolling/Fraudulent Concealment, respectively.

4. Plaintiff, Michael French ("Plaintiff"), was wrongfully subjected to excessive force. The excessive force was the direct result of the pervasive, intentional, and systematic misconduct of the individual defendants (including John Does) and the failure of Defendant to properly train, supervise, and discipline the individual defendant and other John Doe officers regarding their constitutional duty to refrain from such assaults.

## II. Jurisdiction and Venue

5. Jurisdiction in this Honorable Court is based on federal question and diversity conferred by 28 U.S.C. §§1331 and 1332, respectively; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

6. Venue lies in this District in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, is incorporated or does business here, or the subject of this action is situated within this district.

## III. Parties

7. Plaintiff, Michael French, is an adult individual and citizen currently residing at the above-captioned address.

8. Defendant, Trooper J.T. Squire-Tibbs (Badge # 6760) ("Squire-Tibbs"), was at all times material an officer with New Jersey State Police ("NJSP"), and was responsible for the excessive force relevant to this matter, and he was operating in his capacity as an employee, worker, or agent of co-Defendant (see below) at the above-captioned address, and he is being sued individually and in his official capacity, having acted under color of state law.

9. Defendants, John Does 1-10, is a moniker for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons

set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every Count and averment listed above and below.

### IV. Operative Facts

#### A. Background

12. In or around April 2009, Plaintiff was stopped by an unknown NJSP Police Officer for driving while intoxicated ("DWI").

13. Plaintiff was arrested by non-party, Trooper Costa.

14. Plaintiff was transported by Costa to the State Police Barracks maintained by and located within Defendant, Berlin Borough, at the above referenced address whereat Plaintiff was processed and placed in a holding cell.

15. While in the holding cell, Plaintiff got into an argument and then physical altercation with another prisoner in the holding cell.

16. While Plaintiff was involved in a physical altercation with the other prisoner, Defendant, Squire-Tibbs, burst into the cell and hit Plaintiff in the face with a billy club, knocking Plaintiff unconscious and causing Plaintiff serious and grievous bodily injury.

17. At no time did Defendant announce his presence to Plaintiff.

18. At no time did Defendant, Squire-Tibbs, order or otherwise instruct Plaintiff to disengage the other prisoner.

19. Plaintiff was further beaten, punched and kicked while he was on the floor - after being knocked unconscious.

20. Due to the excessive force used by beating Plaintiff with a billy club, Plaintiff was treated at Our Lady of Lourdes Hospital, where he was diagnosed with a fractured orbital, a herniated disc and severe concussion.

21. At no time did Defendants, John Doe Officers Nos. 2-5 take any action to prevent Defendant, Squire-Tibbs from beating Plaintiff.

22. It is believed and therefore averred that the officer's beating of Plaintiff was a part of a pattern of violation of individual rights, especially through the use of excessive force.

23. The conduct of the Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights.

## Damages

24. The actions of Defendants deprived plaintiff of his rights, *inter alia*, guaranteed under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution; 42 U.S.C. §§1983, et seq.; and the laws of the State of New Jersey.

**V.   Causes of Action**

### COUNT I
**CIVIL RIGHTS VIOLATION- IV, VIII, & XIV Amendments**
*Plaintiff v. Squire-Tibbs & John Does, in their individual capacity*

25. Plaintiff incorporates the foregoing paragraphs 1-24 as if fully set forth at length herein.

26. Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other civil rights.

27. Defendants caused Plaintiff to suffer an interference with his rights, by their wrongful conduct in subjecting Plaintiff to an excessive force all in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and state constitutional corollaries.

28. Defendants did not have any reasonable basis or necessity to use the amount of force that was used on Plaintiff at the time of the incident.

### COUNT II

**CIVIL RIGHTS VIOLATION-*MONELL***
*Plaintiffs v. Squire-Tibbs & John Does, in their official capacity*

29.     Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

30.     Prior to the events described herein, Defendants developed and maintained policies, practices and customs exhibiting deliberate indifference to the Constitutional right of persons within their geographic and jurisdictional limits, which caused violations of Plaintiff's constitutional and other rights.

31.     Specifically, Defendants failed to adequately and properly supervise and train in various aspects of law enforcement including, but not limited to, justifiable force, and the laws of the United States, State of New Jersey, and otherwise.

32.     The actions and conduct of Defendants were caused by the failure of Defendants, with deliberate indifference, to properly train, control or supervise these police detectives with respect to their investigative power in accordance with the United States and New Jersey Constitutions.

33.     The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of those, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

**COUNT III**
*State Constitution Claim*
*Plaintiff v. Defendants*

34.     Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

35.      Defendants, both in their official and individual capacities, conspired with one another, individually and under the color of law, to deprive Plaintiff of his civil rights guaranteed by the New Jersey Constitution.

36. The above acts were committed by persons and/or entities acting under color of law and authority and violated clearly established constitutional and statutory rights of plaintiff which a reasonable person would have known.

37. The actions of the defendants were committed and constituted a crime, actual malice and/or willful misconduct.

38. As a direct and proximate cause of the above mentioned conduct of defendants, Plaintiff has been damaged.

### VI.     Prayer for Relief

**WHEREFORE**, Plaintiff requests this Honorable Court enter judgment in her favor and against Defendants, individually, jointly and severally, in an amount in excess of $75,000.00, plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

   a. Injunctive relief including but not limited to monitoring and education;
   b. Statutory damages;
   c. Compensatory damages, including; and
      i. Actual damages for financial injury (including but not limited to wage loss and loss of earning capacity) and emotional distress;
      ii. Attorneys fees and expenses, and costs of suit; and
   d. Punitive damages.

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg, Esquire
MATTHEW B. WEISBERG, ESQUIRE
Attorney for Plaintiff