```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
```

| | |
|---|---|
| MICHAEL FRENCH,<br><br>             Plaintiff,<br><br>       v.<br><br>TROOPER J.T. SQUIRE-TIBBS,<br> et al.,<br><br>             Defendants. | Civil No. 11-1009-JEI-KMW |

### SCHEDULING ORDER IN ARBITRATION CASE

       This Scheduling Order confirms the directives given to counsel at the initial scheduling conference pursuant to Rule 16, Federal Rules of Civil Procedure on **July 28, 2011**; and the Court noting the following appearances: Graham Baird, Esquire, appearing on behalf of the plaintiff; and Cristina Martinzez, Esquire, appearing on behalf of the defendants; and for good cause shown:

       IT IS this **28th** day of **July, 2011,** hereby **ORDERED:**

       1.   This matter is subject to compulsory arbitration pursuant to L. Civ. R. 201.1.

       2.   Counsel shall make Fed. R. Civ. P. 26(a) disclosures on or before **August 24, 2011.**

       3.   Plaintiff's counsel shall forward a letter to the Court by **August 31, 2011** stating that the parties have conferred pursuant to L. Civ. R. 26.1(b)(2) and 26.1(d) concerning discovery of digital information and advise whether the parties have agreed on computer-based and other digital discovery matters.

       4.   Initial written discovery requests shall be served by **September 1, 2011.**  Any responses, answers and objections to initial written discovery requests shall be served in accordance with Court Rules.

       5.   The time within which to seek amendments to the pleadings or to add new parties will expire on **November 4, 2011.**

       6.   Pretrial factual discovery is hereby extended to **January 31, 2012.**  All pretrial discovery shall be concluded by

that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

7. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

8. All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of plaintiff shall be served upon counsel for defendant not later than **February 29, 2012**. All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of defendant shall be served upon counsel for plaintiff not later than **March 30, 2012**. Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.

The parties shall *reserve* their rights to conduct depositions of proposed expert witnesses until after the arbitration process or by leave of the Court to be sought via conference call application.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of Fed. R. Civ. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. Evid. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

9. **Dispositive Motions**. The parties shall *reserve* their rights to file dispositive motions until after the arbitration process or by leave of the Court to be sought via conference call application.

10. **Arbitration.** This case will be scheduled for arbitration pursuant to Local Civil Rule 201.1  The Clerk will advise counsel of the time and place of arbitration. By copy of this Order, the Clerk will be requested to schedule the arbitration for a date in **April, 2012**.

11. If counsel petitions for a trial <u>de</u> <u>novo</u> after arbitration, the date to complete expert depositions and file dispositive motions, will be scheduled.

12. The Court will conduct a telephone status conference on **January 17, 2012 at 10:00 a.m**. Counsel for plaintiff shall initiate the telephone call.

13. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under F$_{ED}$. R. C$_{IV}$. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

<u>s/ Karen M. Williams</u>
KAREN M. WILLIAMS
United States Magistrate Judge

cc: Hon. Joseph E. IrenaS
    James Quinlan, Arbitration Clerk