# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### (Camden Vicinage)

| | | |
|---|---|---|
| Michael French | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.:  11-1009-~~JEI~~-KMW *RBK* |
| v. | : | |
| | : | |
| Trooper J.T. Squire-Tibbs (Badge # 6760) | : | |
| | : | **JURY TRIAL DEMANDED** |
| And | : | |
| | : | |
| John Does 1-10 | : | JOINT FINAL PRE-TRIAL ORDER |
| | : | |
| Defendants. | : | |

Plaintiff, Robert Michael "Mike" French and Defendant, Trooper Jason Squire-Tibbs hereby submit the Final Pre-Trial Order pursuant to Rule 16, Federal Rules of Civil Procedure. This Joint Final Pre-Trial Order shall govern the conduct of the trial of this case. Amendments to this Order will be allowed only in exceptional circumstances to prevent manifest justice. <u>See</u> Fed.R.Civ.P. 16(e). Counsel are urged to move to amend in a timely fashion any portion of the Order that must be changed or modified between the filing of this Order and the trial date, which has not been set in this matter.

**APPEARANCES:**

| | |
|---|---|
| Matthew B. Weisberg<br>Graham F. Baird<br>Weisberg Law, P.C.<br>7 S. Morton Avenue<br>Morton, PA 19070<br>Tel. 610.690.0801<br>Fax: 610.690.0880<br><u>mweisberg@weisberglawoffices.com</u><br><u>gbaird@weisberglawoffices.com</u><br><br>Attorneys for Plaintiff, Mike French | Christopher R. Paldino<br>Wolff & Samson, P.C.<br>One Boland Drive<br> West Orange, NJ 07052<br>Tel.: 973.325.1500<br>Fax: 973.530.2231<br><u>cpaldino@wolffsamson.com</u><br><br>Attorney for Defendant<br>Trooper Jason Squire-Tibbs |

**PART I – JURISDICTION & BRIEF SUMMARY OF THE CASE:**

This is a claim made by Plaintiff pursuant to 42 U.S.C. § 1983, arising out of an alleged excessive force perpetrated by Defendant Trooper Squire-Tibbs upon Plaintiff Robert Michael French violating Plaintiff's Fourth Amendment Right to be free from excessive force. Defendant Tibbs denies Mr. French's allegations and maintains that his use of force was objectively reasonable given the circumstances of the encounter and therefore did not violate French's Fourth Amendment Rights.

## PART II – STIPULATED FACTS:

1.     On the evening of March 12, 2009, French was stopped on the New Jersey Turnpike by Trooper Paul Costa.

2.     In light of his observations, Trooper Costa administered several field sobriety tests, which Plaintiff failed.

3.     Plaintiff was arrested by Trooper Costa.

4.     After being arrested, Plaintiff was transported to the New Jersey State Police Barracks in Moorestown, New Jersey.

5.     Trooper Tibbs heard Trooper Costa's arrest of the Plaintiff over the police radio and reported back to the barracks station to assist Trooper Costa.

6.     Shortly thereafter, Trooper Tibbs arrived at the Moorestown Station, went inside, and began preparing to assist Trooper Costa in the processing of the Plaintiff.

7.     While preparing preliminary paperwork, Trooper Tibbs observed Trooper Costa walk into the station with the Plaintiff and escort him into the holding cell.

8.     French was placed in a holding cell with another individual named "Mr. Baik."

9.     After being placed into the holding cell, Plaintiff got into an argument and then a physical altercation with Mr. Baik in the holding cell.

10.     As a result of the encounter with Plaintiff, Trooper Squire-Tibbs sustained a cut to his left hand, his non-dominant hand.

**PART III – PLAINTIFFS' CONTESTED FACTS:**

1.      **Plaintiff intends to prove the following contested facts with regards to liability:**

1.      On March 12, 2009, Plaintiff was stopped by Trooper Paul Costa of the New Jersey State Police, and arrested.

2.      Plaintiff was in a pushing and shoving scuffle instigated by another prisoner named Mr. Baik.  Both men were pushing and shoving, and scuffling and Plaintiff shoved Baik in the chest several times.

3.      Plaintiff then heard the cell door click open, and Plaintiff observed Defendant Squire-Tibbs hit Plaintiff in the face, out of the corner of his eye, with an object Plaintiff believed to be a club.

4.      Defendant Squire-Tibbs struck Plaintiff fracturing his orbital and knocking him unconscious.

5.      Plaintiff did not hear the police officers present at the time of the incident, Squire-Tibbs, Wisenauer or Costa yell any commands at him to stop or to back away from Baik.

6.      Plaintiff remembers Squire-Tibbs stomping on his arms while he was on the ground.

7.      At no time did Defendant announce his presence to Plaintiff.

8.      At no time did Defendant, Squire-Tibbs, order or otherwise instruct Plaintiff to disengage the other prisoner.

9.      Due to the excessive force used by Squire-Tibbs, Plaintiff was treated at Our Lady of Lourdes Hospital, where he was diagnosed with a fractured orbital, a herniated disc and severe concussion.

10.     Plaintiff was found by the EMS paramedics, unconscious and handcuffed face down on the floor of the holding cell.

11.     As a result of being struck by Defendant, Plaintiff suffered a primary blowout fracture of his left orbital floor, with a laceration and severe swelling and bruising of his left eye.

12.     As a result of being struck by Defendant, Plaintiff sustained a serious and permanent neurological, orthopedic and plastic surgical injuries, including a blowout fracture of the left orbit with cosmetic alteration, flattening of the bones and a persistent feeling of weakness within the left eye.

13.     Plaintiff never swung upon or attempted the punch the other troopers involved in the incident.

14.     Had the officers ordered Plaintiff to get on the ground, he would have gotten on the ground.

15.     Plaintiff remembers almost nothing from the incident other than being hit initially by the Defendant and falling to the ground.  He then lost consciousness.

16.     Mr. Baik was never treated by the EMS services.

17.     Plaintiff's arms were stomped on while he was on the ground.

**2.**     **Plaintiff intends to prove the following contested facts with regards to damages:**

As a result of the use of force by Defendant, Plaintiff suffered a herniated disc in his lumbar spine, a left orbital blowout fracture, cuts, bruises, and other head injuries.  By way of further answer, Plaintiff will seek to offer medical testimony by his physicians.

Plaintiff's interest in his personal liberty, security and safety was interfered with by Defendant Squire-Tibbs.

Plaintiff will seek to enter evidence to establish Plaintiff's right to recover punitive damages against Defendant.

That Plaintiff sustained mental anguish and humiliation as a result of the assault.

Plaintiff, if he prevails on his claims, will also be entitled to an award of attorneys fees.

**PART IV– EACH DEFENDANT'S CONTESTED FACTS:**

1.   **Defendant intends to prove the following contested facts with regards to liability:**

- Before Trooper Tibbs' use of force, the other troopers involved witnessed Plaintiff punch another holding cell detainee several times in the head.

- Before Trooper Tibbs' use of force, Plaintiff either disregarded or did not respond to the troopers' repeated instructions to stop his assault of the other detainee.

- Before Trooper Tibbs' use of force, Plaintiff threw punches in the direction of Sergeant Wisenauer and Trooper Tibbs.

- Trooper Tibbs did not strike Plaintiff with a billy club or any other object at any time during their encounter.

2.   **Defendant intends to prove the following contested facts with regards to damages:**

- Plaintiff did not suffer any permanent injuries as a result of Trooper Tibbs' use of force;

- Plaintiff did not suffer any lost wages and any lost time from work;

- Plaintiff did not suffer any out-of-pocket medical expenses;

- Even if Plaintiff proves his entitlement to compensatory damages, Plaintiff is not entitled to punitive damages

**PART V– WITNESSES AND SUMMARY OF TESTIMONY:**

Only the witnesses whose names and addresses are listed herein will be permitted to testify at the time of trial. For each witness listed, there must be a description of their testimony. Any objection to a witness must be noted by opposing counsel and for each such witness objected to, the name of the witness and the reason for the objection shall be given.

A.     Plaintiff's witnesses and summary of their testimony:

1.     Plaintiff intends to call the following witnesses with regards to liability and damages and anticipates they will testify as follows:

(1)     Plaintiff, Robert Michael French, of 1521 Scarborough Court, West Chester, Pennsylvania will testify as to what occurred on the date of the incident between himself and Defendant Squire-Tibbs, as well as his damages that he sustained as a result of the altercation.

(2)     Victoria French , of 1521 Scarborough Court, West Chester, Pennsylvania will testify as to her ex-husband's damages, as well as the events that occurred after the incident.

(3)     Plaintiff will call Trooper Paul Costa who is expected testify as to what he saw during the date of the incident;

(4)     Plaintiff intends to call Trooper K. Wisenauer who is expected to testify as to what he witnessed on the date of the incident.

(5)     Nan Soo Baik, address unknown, who is expected to testify as to what he witnessed on the date of the incident.

(6)     Dr. Michael Krafchick of Glen Mills, Pennsylvaniawho is expected to testify as to Plaintiff's medical treatment, injuries and damages;

(7)     Dr. Bruce Grossinger, D.O., CIME, of Ripley Park Medical Center, 23 Cester Pike, Ste., 301, Ridley Park, PA who is expected to testify as to Plaintiff's injuries, medical treatment and damages;

(8)     Sergeant Runawitz, New Jersey State Police, who is expected to testify as to the internal investigation conducted concerning this incident;

(9)     Custodians of records for admissibility and authentication purposes;

(10)     Dr. Mark Reutter, of Kennedy Health System, Stratford, NJ is expected to testify as to Plaintiff's medical treatment, injuries and damages;

(11)   Alexander Winkler, EMT-B of Mount Laurel EMS is expected to testify as to Plaintiff's medical treatment, injuries and damages;

(12)   Robin Hubbs, EMT of Mount Laurel EMS is expected to testify as to Plaintiff's medical treatment, injuries and damages; and

(13)   Dr. James Bergen of Cooper University Hospital of Camden, New Jersey is expected to testify as to Plaintiff's medical treatment, injuries and damages.

B.   <u>Defendant's objection to Plaintiff's witnesses</u>:

Defendant objections to the witnesses listed below for the following reasons:

5.   <u>Nan Soo Baik</u>: The parties were unable to find Mr. Baik during discovery. Upon information and belief, the parties believed that Mr. Baik had been deported. If Plaintiff was successfully able to locate Mr. Baik, he never amended his answers to interrogatories to reflect as much.

6.   <u>Dr. Michael Krafchick</u>:  Defendant objects to Dr. Krafchick testifying as an expert in this matter. Dr. Krafchick was not identified as an expert and Plaintiff has not served either an expert report of a CV from Dr. Krafchick. Defendant has no objection to Dr. Krafchick testifying as a fact witness. Dr. Krafchick, however, should not be permitted to testify as to any opinions that he may have regarding Plaintiff's injuries.

8.   <u>Sergeant Runawitz</u>: The details, opinions, and conclusions of any internal investigation are confidential. Plaintiff cannot compel any testimony or evidence from the investigators.

C.    <u>Defendant's witnesses and summary of their testimony:</u>

    1.    Defendant intends to call the following witnesses with regard to liability and anticipates they will testify as follows:

**Trooper Jason Tibbs:**

Address:    New Jersey State Police
             River Road
             West Trenton, New Jersey 08628

Testimony: Trooper Tibbs will testify as to his overall encounter with Plaintiff. He will testify as to the observations he made regarding Plaintiff's assault on another prisoner, Plaintiff's disregard of the troopers' instructions to stop his assault, and to the other factors that led him to utilize the force that he did. Trooper Tibbs will testify that he did not utilize any of the force that Plaintiff asserts, i.e. striking Plaintiff with a billy club and/or stomping him while he was on the ground. Trooper Tibbs will testify as to several facts that are inconsistent with Plaintiff's allegation that he was struck with a billy club. Trooper Tibbs will also testify to the observations of Plaintiff's conduct and statements made in the hospital following their encounter.

**Trooper Paul Costa:**

Address:    New Jersey State Police
             River Road
             West Trenton, New Jersey 08628

Testimony: Trooper Costa will testify as to his overall encounter with Plaintiff. He will testify as to the observations he made regarding Plaintiff's driving, his performance of field sobriety tests, and his decision to arrest Plaintiff for DWI. Trooper Costa will also describe Plaintiff's assault on another prisoner, Plaintiff's disregard of the troopers' instructions to stop his assault, and to the other factors that led to Trooper Tibbs' use of force. Trooper Costa will testify that he did not observe any trooper strike Plaintiff with a billy club. Trooper Costa will also testify to the observations of Plaintiff's conduct and statements made in the hospital following their encounter.

**Sergeant Keith Wisenauer:**

Address:        New Jersey State Police
                River Road
                West Trenton, New Jersey 08628

Testimony: Sergeant Wisenauer will testify as to his overall encounter with Plaintiff. He will testify as to the observations he made regarding Plaintiff's assault on another prisoner, Plaintiff's disregard of the troopers' instructions to stop his assault, and to the other factors that led him to utilize the force that he did. Sergeant Wisenauer will testify that neither he nor Trooper Tibbs used any of the force that Plaintiff asserts, i.e. striking Plaintiff with a billy club and/or stomping him while he was on the ground. Sergeant Wisenauer will also testify to the observations of Plaintiff's conduct and statements made in the hospital following their encounter.

**Andrew J. Scott, III:**

Address:        AJS Consulting, Inc.
                750 Elm Tree Lane
                Boca Raton, Florida 33486

Testimony: Mr. Scott is an expert in police procedures and use of force. Mr. Scott will testify as to his qualifications, his review of the pertinent records, and his review of the pertinent Attorney General and New Jersey State Police guidelines and policies. Mr. Scott will testify as to his opinions in this case, i.e. that the use of force utilized against Plaintiff was objectively reasonable and in accordance with known and accepted police practices. Further, Mr. Scott will testify, based on his knowledge and experience that the injuries suffered by Plaintiff were not consistent with being struck with a billy club or expandable baton.

2.      Defendant intends to call the following witnesses with regard to damages and anticipates they will testify as follows;

**Dr. Charles Nichols**

Address:       Hospital of the University of Pennsylvania
               3400 Spruce Street
               2 East Gates
               Philadelphia, Pennsylvania 19104

Testimony: Dr. Nichols is an ophthalmologist that performed an IME of Plaintiff in order to address the various ocular and orbital bone injuries alleged in this case. Dr. Nichols will testify as to his qualifications, his review of the pertinent medical records, and to his examination of the Plaintiff. Dr. Nichols will testify as to his opinions in this case, i.e. that Plaintiff did not suffer any objective, permanent injuries to his vision or his orbital bones.

**Dr. Ronald Gerson**

Address:       Central Orthopedic Associates
               820 S. White Horse Pike
               Hammonton, New Jersey 08037

Testimony: Dr. Gerson is an orthopedic surgeon that performed an IME of Plaintiff in order to address the various orthopedic injuries alleged in this case. Dr. Gerson will testify as to his qualifications, his review of the pertinent medical records, and to his examination of the Plaintiff. Dr. Gerson will testify as to his opinions in this case, i.e. that Plaintiff did not suffer any objective, permanent injuries to his cervical spine and/or his hip.

D.      Plaintiff's objections to Defendant's witnesses:

        Plaintiff objects to the testimony of Andrew J. Scott, III on the grounds that his purported

methodology is inadmissible subject to the Daubert test. His testimony is unnecessarily

duplicative and does not aid the trier of fact in making an ultimate determination of a legal issue/.

Finally, Scott is unqualified to testify as to the Plaintiff's injuries and causation of those injuries.

**PART VI– EXPERT WITNESSES:**

Any prior Scheduling Order of the court concerning experts is applicable to this action and the directives of the Scheduling Order shall govern expert testimony in this case.  Any expert not listed in this portion of the Final Pretrial Order shall not be permitted to testify at the time of trial.  Additionally, the curriculum vitae of every expert expected to testify at the time of trial shall be attached to this Final Pretrial Order.  The curriculum vitae or summary of the expert's qualifications may be read into the record at the time the expert takes the stand, and no opposing counsel shall be permitted to question the qualifications of the expert unless the basis of the objection is set forth in this Final Pretrial Order.  No expert will be permitted to testify at trial unless all opposing counsel has received the curriculum vitae of the expert and the information required by Fed. R. Civ. P. 26 (a)(2) as directed in the Scheduling Order.

If any hypothetical questions are to be put to an expert witness on direct examination, they shall be written in advance and submitted to the court and counsel prior to commencement of trial.

1. **Plaintiff's expert witnesses are:**

   a. Bruce Grossinger, D.O.

2. **Defendant's objection to the qualifications of plaintiff's expert witnesses are:**

   a. <u>Bruce Grossinger, D.O.</u>: Defendant has no objection to Dr. Grossinger testifying as an expert in neurology, pain medicine/management, and electrodiagnostic medicine.  Defendant would object to the extent that Plaintiff intends to call or have Dr. Grossinger recognized as an expert in orthopedics, orthopedic surgery, and/or plastic surgery.

3. **Defendant's expert witnesses are:**

   a. Andrew J. Scott, III

   b. Charles Nichols, MD

   c. Ronald Gerson, MD

All CV's are attached as per the Court's instructions.  Summaries of their anticipated testimony is included in Part V above.

4. **Plaintiff's objections to the qualifications of Defendant's expert witnesses are:**

Plaintiff objects to the testimony of Andrew J. Scott, III on the grounds that his purported methodology is inadmissible subject to the Daubert test.  His testimony is unnecessarily duplicative and does not aid the trier of fact in making an ultimate determination of a legal issue/. Finally, Scott is unqualified to testify as to the Plaintiff's injuries and causation of those injuries.

**PART VII– EXHIBITS**

In this section of the Final Pretrial Order, counsel should number each proposed exhibit and upon receipt of the exhibit list of an adversary, opposing counsel should prepare a response to this exhibit list indicating as to each exhibit whether there will be an objection and if there is, the nature of the objection.  Absent an extraordinary showing of good cause, **ONLY THE EXHIBITS LISTED BELOW SHALL BE INTRODUCED AT THE TIME OF TRIAL**. You are not required to list exhibits that will be used, if at all, only for impeachment purposes.

Counsel are reminded that each such exhibit shall be physically pre-marked corresponding to the designation below.  Copies of exhibits lists shall be provided to the District Judge and the assigned court reporter at the time of trial.

A.     **Plaintiff's Exhibits**

1.     **Plaintiff intends to introduce the following exhibits into evidence (list by numbers with a description of each exhibit):**

1.     Deposition transcript of Jason Squire-Tibbs.

2.     Deposition transcript of Paul Costa.

3.     Deposition transcript of Keith Wisenauer.

4.     Responses to Interrogatories of Jason Squire-Tibbs.

5.     IME Report of Bruce Grossinger, D.O.

6.     Medical Records of Plaintiff's treatment from Kennedy Health System, Cherry Hill, NJ.

7.     Medical Records of Defendant's treatment from Kennedy Health System, Cherry Hill, NJ.

8.     Radiology Report CCT-0013 Facial Bones WO Contrast, performed by Mark Reutter, D.O.

9.     Deposition Transcript of Victoria French.

10.    Reportable use of force and supplemental use of force reports prepared by Troopers Wisenauer, Costa and Defendant.

11.    SIMS Fact Briefing Sheet, prepared by Trooper Costa.

12.    Mount Laurel EMS medical records.

13.      Cooper Hospital diagnosis record, and discharge summary.

14.      Cooper Hospital CT Scan report, Cervical Spine without contrast.

~~15.      Pleadings.~~

~~16.      Documents produced during discovery.~~

~~17.      Rebuttal expert reports.~~

~~18.      Documents attached to motion for summary judgment.~~

**2.      Defendant objects to the introduction of plaintiff's exhibit (set forth number of exhibit and grounds for objection):**

Defendant reserves the right to make objections at trial as to admissibility of certain documents and/or portions thereof, pursuant to the Federal Rules of Evidence.

4154967.1

B.     **Defendant's Exhibits**

1.     **Defendant intends to introduce the following exhibits into evidence;**

D1- Drinking Driving Report prepared by Trooper Costa

D2- Arrest Report prepared by Trooper Costa

D3- SIMS Fact Briefing Sheet prepared by Trooper Costa

D4- Supplemental Investigation Report prepared by Trooper Tibbs

D5- Reportable Use of Force Report prepared by Trooper Tibbs

D6- Reportable Use of Force Report prepared by Sergeant Wisenauer

D7- Reportable Use of Force Report prepared by Trooper Costa

D8- Investigation Report prepared by Trooper Costa

D9- Supplemental Investigation Report prepared by Sergeant Wisenauer

D10- Toxicology Analysis

D11- DVD Containing MVR Footage from Plaintiff's Arrest

D12- Plaintiff's Medical Records, as obtained and served during discovery, regarding his treatment with Dr. Michael Krafchick

D13- Plaintiff's Medical Records, as obtained and served during discovery, regarding his treatment at RWJUH- Rahway

D14- Plaintiff's Medical Records, as obtained and served during discovery, regarding his treatment at RWJUH **2.     Plaintiff objects to the introduction of Defendant's Exhibit (set forth number of exhibit and grounds for objection):**

**D1-D4, D8-D11,:  Plaintiff objects to the introduction of evidence of alcohol consumption, intoxication and/or impairment.  Such evidence is irrelevant to the determination of claims and/or defenses.  Such evidence is highly prejudicial and not probative of any element.  In addition, evidence of**

alcohol consumption is insufficient, standing alone, to determine actual impairment.

D5-D7.:  Plaintiff objects to the introduction of these exhibits on the grounds that they constitute inadmissible hearsay.

**PART VIII– LAW**

    **A.**    **Plaintiff**

        **1.**    **Plaintiff's statement of legal issues in this case:**

Whether Defendant, Squire-Tibbs used excessive force against Plaintiff during the incident on March 12, 2009.

Whether Defendant's excessive force caused Plaintiff's injuries.

    **B.**    **Defendant**

        **1.**    **Defendant's statement of legal issues in this case.**

Did Trooper Tibbs utilize excessive force in violation of the Fourth Amendment by striking Plaintiff in the face with a billy club?

If yes, then was Trooper Tibbs' excessive use of force the proximate cause of any of Plaintiff's alleged injuries?

## PART IX.    __MISCELLANEOUS__

Trooper Tibbs submits that the jury should be charged that in order to find him liable for an excessive use of force, they must first find that Trooper Tibbs struck Plaintiff with a billy club.  Although Plaintiff would like to argue that the jury should be allowed to conclude that either the use of the billy club (as maintained by plaintiff) or the use of fists (as maintained by the defense) was excessive, the issue of whether Plaintiff should be limited to his theory of a billy club was briefed in connection with Trooper Tibbs' motion for summary judgment. Notably, pages 6-7 of Judge Kugler's opinion read as follows:

> Viewing the facts in the light most favorable to the Plaintiff, a reasonable jury could conclude that Defendant used excessive force <u>by striking Plaintiff with a billy club</u>.  While Plaintiff certainly posed a threat to Mr. Baik as he punched him in the holding cell "at least three times," Pl.'s Dep. 49, there is no indication, by Plaintiff's account, that he "actively resist[ed]" the officers when they entered the holding cell to subdue him.  [Citation omitted].  Further, because Plaintiff had already been placed under arrest, he presumably had been checked for any weapons or any other dangerous items before he was placed in the holding cell; therefore, there was little "possibility that [he] may [have been] armed."  Finally, it appears undisputed that three officers, including Defendant, entered the holding cell in order to subdue Plaintiff; thus, there was only one potentially dangerous person with whom the officers had to contend.  <u>If a factfinder were to accept Plaintiff's version of events</u>, it would be possible to conclude, <u>under those circumstances</u>, the <u>use of a billy club to the face</u> with sufficient force to break a person's orbital bone would constitute excessive force in violation of the Fourth Amendment. (Emphasis added).

Based on the above, Trooper Tibbs submits that Judge Kugler's opinion denied summary judgment on the grounds that the jury could find for the Plaintiff if they believed his version of events, i.e. that Trooper Tibbs used a billy club.  Trooper Tibbs submits that this is a holding that Trooper Tibbs would be entitled to qualified immunity if the jury believes that he only used his fists during their encounter.

**Plaintiff does not agree with the Defendant's interpretation of Judge Kugler's ruling on the motion for summary judgment.  The standard for an excessive force claim is for the jury to examine a range of factors and the totality of circumstances surrounding the interaction between the Plaintiff and the Defendant police officer.  Plaintiff intends to more fully brief the foregoing issue in his trial brief.**

## MOTIONS IN LIMINE

Plaintiff anticipates the filing of several motions in limine including a motion in limine to preclude evidence of alcohol consumption, intoxication and/or impairment. Plaintiff anticipates the filing of a motion in limine to exclude the testimony of Defendant's proposed expert, Mr. Scott, subject to the Daubert test. Finally, Plaintiff will also seek to exclude evidence of prior and/or subsequent convictions on the grounds that such evidence is not relevant, not probative of any element and prejudicial to the Plaintiff.

Defendant anticipates the filing of motions in limine as follows:

(1) Motion to bar evidence of the fact that there is a pending internal affairs investigation regarding Trooper Tibbs' use of force in this matter;

4154967.1

**PART X.**  **NON-JURY TRIAL (If Applicable)**

No later than seven days prior to the scheduled trial date, counsel for each party shall submit to the District Judge, with a copy to opposing counsel, proposed findings of fact and conclusions of law.  There is reserved to counsel the right to submit additional requests during the court of the trial on those matters that cannot reasonably be anticipated.

**PART XI.**  **JURY TRIALS (If Applicable)**

No later than seven days prior to the scheduled trial date or at such time as the court may direct:

1.  Each party shall submit to the District Judge and to opposing counsel a <u>trial brief</u> or memorandum with citations and authorities and arguments in support of the party's position on all issues of law.  The trial brief shall be electronically filed.

2.  Each party shall submit to the District Judge and to opposing counsel <u>written requests for charges to the jury.</u>  Supplemental requests to charge that could not have been anticipated may be submitted any time prior to the arguments to the jury.  All requests for charge shall be on a separate page or pages, plainly marked with the name and number of the case; shall contain citations of supporting authorities; shall designate the party submitting same; and shall be numbered in sequence.

   If you have the capability, the Proposed Requests for Charge should be submitted on computer disk, Word Perfect format.  All proposed requests for charges shall be electronically filed, and a paper copy must also be provided.

3.  Each party shall submit to the judge and to opposing counsel <u>proposed voir dire questions.</u>

   EACH OF THESE ITEMS IS TO BE FILED PRIOR TO THE FIRST TRIAL DATE EVEN IF THE CASE IS CONTINUED.

   COUNSEL ARE ON NOTICE THAT FAILURE TO PROVIDE TIMELY COMPLIANCE WITH THE REQUEST OF PART X AND XI MAY RESULT IN THE POSTPONEMENT OF TRIAL AND THE ASSESSMENT OF JUROR AND OTHER COSTS AND/OR THE IMPOSITION OF SANCTIONS.

## CONCLUDING CERTIFICATION

We hereby certify by the affixing of our signatures to this Final Pre-Trial Order that it reflects the efforts of all counsel and that we have carefully and completely reviewed all parts of this order prior to its submission to the Court.  Further, it is acknowledged that amendments to this Joint Final Pre-Trial Order will not be permitted except where the Court determines that manifest injustice would result if the amendment is not allowed.

_/s/Graham F. Baird_____
Graham F. Baird, Esquire
Attorney for Plaintiff,
Robert Michael French

_/s/Christopher R. Paldino_____
Christopher R. Paldino, Esquire
Attorney for Defendant,
Jason Squire-Tibbs

Entry of the foregoing Joint Final Pre-Trial Order is hereby APPROVED this

_25th_____ day of _September_____, 2013.

_____
KAREN WILLIAMS, U.S.M.J.
United States District Court
For the District of New Jersey, Camden
Vicinage

4154967.1